**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-5075**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JULIO CESAR PORTILLO-SOSA,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:07-cr-00176-REP-1)

---

Submitted:  September 3, 2008    Decided:  September 16, 2008

---

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Michael S. Nachmanoff, Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julio Cesar Portillo-Sosa pled guilty to unauthorized reentry of a removed alien whose removal was subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(b)(2) (2006). The district court properly calculated Portillo-Sosa's advisory Guidelines range to be 57-71 months of imprisonment, and sentenced him to 71 months' imprisonment.[*] Portillo-Sosa appeals, alleging his sentence is both procedurally and substantively unreasonable. For the reasons that follow, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence to determine whether it is unreasonable, applying a "deferential abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 591, 594 (2007). A district court must engage in a multi-step process at sentencing. First, the sentencing court must calculate the appropriate Guidelines range by making any necessary factual findings. Id. at 596. Then the court should afford the parties "an opportunity to argue for whatever sentence they deem appropriate." Id. Next, it should consider the resulting advisory sentencing range in conjunction with the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), and determine whether the § 3553(a) factors support the sentence requested by either party. Id. Consideration of the factors in

_____

[*]Portillo-Sosa does not challenge the calculation of his advisory Guidelines range.

2

§ 3553(a) does not require the sentencing court to "robotically tick through" every subsection of § 3553(a).  United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (internal quotation marks and citation omitted).

To determine whether a sentencing court abused its discretion, we undertake a two-part analysis.  United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).  First, we examine the sentence for "significant procedural errors," and second, we evaluate the substance of the sentence.  Id.  Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . .'"  Id. (quoting Gall, 128 S. Ct. at 597).  "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  Id. (quoting Gall, 128 S. Ct. at 597).  An appellate court may presume a sentence within the Guidelines range to be reasonable.  Rita v. United States, 127 S. Ct. 2456, 2459, 2462 (2007).

Here, the district court followed the necessary steps in sentencing Portillo-Sosa, and we find no abuse of discretion in its decision to sentence him at the top of the Guidelines range. Accordingly, we affirm the district court's judgment.  We dispense

3

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED